UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

D.A. ELIA CONSTRUCTION CORP.,

                Plaintiff,

    v.                                                Civil No.:  07-CV-0143-RJA

DAMON & MOREY LLP,

                Defendant.

---

**MOTION OF DAMON & MOREY LLP SEEKING ENTRY OF
AN ORDER DISMISSING AND/ OR GRANTING IT SUMMARY
JUDGMENT ON PLAINTIFF'S COMPLAINT AND SEEKING
SANCTIONS AND INJUNCTIVE RELIEF AGAINST
<u>PLAINTIFF, ITS PRINCIPALS AND ITS ATTORNEYS</u>**

Damon & Morey LLP ("Damon & Morey"), through its undersigned counsel, hereby moves this Court for the entry of an Order, pursuant to Rules 12(b)(6) and/or 56 of the Federal Rules of Civil Procedure, dismissing Plaintiff's Complaint (the "Complaint") or, alternatively, granting summary judgment in its favor on those claims alleged in the Complaint for the reason that they are barred by the doctrine of *res judicata*.  Alternatively, Damon & Morey seeks entry of an Order granting summary judgment in its favor, because all of those claims attempted to be plead in Plaintiff's Complaint are time-barred by the applicable statutes of limitation.  Damon & Morey also requests entry of an Order, pursuant to 28 U.S.C. §1927 and this Court's inherent authority, sanctioning Plaintiff, its principals and its attorneys for commencing this lawsuit in bad faith and, pursuant to 28 U.S.C. §2283, enjoining Plaintiff, its officers, directors and shareholders and its counsel from commencing any further similar proceedings on any claims alleged to arise out of Damon & Morey's legal services rendered on behalf of the Plaintiff.  In support of this motion, Damon & Morey relies upon its Statement of Material Facts Not Subject

to Genuine Dispute (the "Statement of Material Facts"), its Memorandum of Law, and the Declaration of Daniel F. Brown, all of which are being filed and served herewith.

1. This action was commenced by the Plaintiff in the New York State Supreme Court, Erie County, on February 14, 2007 and the Defendant was served via first class mail by the New York State Secretary of State which was received by Damon & Morey on February 27, 2007.

2. Plaintiff's Complaint asserts allegations of malpractice sounding in breach of contract, tort and breach of fiduciary duties and also alleges violations of New York State statutes, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure which Damon & Morey allegedly committed while representing the Plaintiff as its general counsel in its Chapter 11 bankruptcy case pending before the United States Bankruptcy Court for the Western District of New York, In re D.A. Elia Construction Corp., Bk. No. 94-10866-K (the "Bankruptcy Case").

3. Defendant removed this action to this Court on March 8, 2007, pursuant to 28 U.S.C. §1452, because all claims alleged by the Plaintiff in its Complaint either are alleged to have "arisen in" Plaintiff's Chapter 11 bankruptcy case or to be "related to" Plaintiff's Chapter 11 bankruptcy case, such that this Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §§157 and 1334(b).

4. Defendant now moves this Court for the entry of an Order, pursuant to Rules 12(b)(6) and/or 56 of the Federal Rules of Civil Procedure, dismissing the Complaint or, alternatively, granting summary judgment in its favor on those claims alleged in the Complaint for the reason that they are barred by the doctrine of *res judicata*.

5. Plaintiff's Complaint is barred by the doctrine of *res judicata*, because it seeks to raise and to re-litigate claims that either were specifically raised by Plaintiff or that could have

been raised by the Plaintiff as a part of its objections to Damon & Morey's Sixth and Final Fee Application which were filed with the United States Bankruptcy Court.

6. Plaintiff's objections were overruled by the Bankruptcy Court through an Order which was entered in Plaintiff's Bankruptcy Case on October 19, 2004 and that decision was affirmed on appeal by this Court through a decision entered on June 19, 2006 and a judgment entered on June 20, 2006. <u>In re D.A. Elia Construction Corp</u>. v. <u>Damon & Morey LLP</u>, Case No 04-CV 975A. A copy of the Bankruptcy Court's Order is being filed and served herewith as Exhibit A to the Statement of Material Facts and copies of this Court's Decision and Judgment are being filed and served as Exhibit B to the Statement of Material Facts. The litigation relating to Plaintiff's litigation and appeals of its Objections to Damon & Morey's Sixth and Final Fee Application are referred to hereafter as the "Bankruptcy Fee Application Litigation."

7. As discussed in Damon & Morey's Memorandum of Law, notwithstanding that the Plaintiff has appealed this Court's prior decision to the United States Court of Appeals for the Second Circuit, unless or until that decision is reversed on appeal, that decision is required to be accorded *res judicata* effect and any attempts by the Plaintiff to commence any additional litigation in State Court, Federal Court or any other forum premised upon the same claims that were raised or which could have been raised in connection with that prior litigation are barred.

8. Accordingly, for the reasons set forth in Damon & Morey's Memorandum of Law, Plaintiff's Complaint must be dismissed.

9. Alternatively, Damon & Morey hereby moves this Court for summary judgment on all of those claims set forth in Plaintiff's Complaint because each of those claims is time-barred, pursuant to the applicable statues of limitations.

10. A copy of the Complaint is being filed and served herewith for the Court's convenience as Exhibit C to the Statement of Material Facts.

11. As a part of this motion, Damon & Morey hereby requests that this Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of seven documents, six of which were filed with the United States Bankruptcy Court in Plaintiff's Bankruptcy Case and one of which was filed by the Plaintiff in this case. Copies of these documents are being filed and served herewith as Exhibits D, E, F, G, H, I and J to the Statement of Material Facts. Damon & Morey disputes much of what is alleged by the Plaintiff in Exhibits E and G is not asking this Court to make factual findings as to the truth or falsity of those allegations contained in Exhibits E and G, except to the extent that those prior pleadings constitute admissions against the Plaintiff's interests, admissible into evidence in this proceeding pursuant to Rule 802 of the Federal Rules of Evidence.

12. Exhibit D to the Statement of Material Facts is a copy of the Docket in Plaintiff's Bankruptcy Case, as of March 26, 2007.

13. Exhibit E to the Statement of Material Facts is Plaintiff's Objection to Damon & Morey's Sixth and Final Fee Application, filed September 1, 2004, Docket Item No. 728 in the Bankruptcy Case. Included as a part of Exhibit E is the September 1, 2004 Affidavit of the Plaintiff's President, David A. Elia.

14. Exhibit F to the Statement of Material Facts is Damon & Morey's Response to Plaintiff's Objection to Damon & Morey's Sixth and Final Fee Application, filed September 7, 2004, Docket No. 729 in the Bankruptcy Case.

15.     Exhibit G to the Statement of Material Facts is a copy of the "Final Report and Motion for Final Decree" filed by the Plaintiff, *pro se*, in its Bankruptcy Case on February 12, 2004, Docket No. 706.

16.     Exhibit H to the Statement of Material Facts is a copy of an objection to that Final Report filed by Damon & Morey in the Bankruptcy Case on February 23, 2004, Docket No. 707.

17.     Exhibit I to the Statement of Material Facts is a copy of an Order entered by U. S. Bankruptcy Judge Hon. Michael J. Kaplan on February 25, 2004, with respect to Plaintiff's Final Report and the objection thereto filed by Damon & Morey.

18.     Exhibit J to the Statement of Material Facts is a copy of the Plaintiff's Motion to Remand (without exhibits), filed in this case on March 26, 2007. This document is submitted for the factual admissions contained in paragraph 8, although Defendant disputes that paragraph's characterization of the Bankruptcy Court's rulings, which speak for themselves, and disputes and opposes that Motion.

19.     As recounted below and in Damon & Morey's Memorandum of Law, the record in Plaintiff's Chapter 11 Bankruptcy Case clearly reflects that the statute of limitations for all of the claims asserted by Plaintiff in this case expired prior to Plaintiff's commencement of this case on February 14, 2004, such that all of Plaintiff's claims are time barred. As such, Plaintiff's complaint in this case must be dismissed.

20.     Plaintiff's Complaint specifically alleges the dates on which it and Damon & Morey entered a Retainer Agreement and specifically alleges that as of the February 14, 2007 date that the Complaint was filed, Damon & Morey was still nominally listed as counsel for the Debtor in Plaintiff's Chapter 11 bankruptcy case.

21. However, presumably intentionally, each of those four causes of action attempted to be plead in Plaintiff's Complaint is alleged without any mention of specific names of Damon & Morey attorneys who are supposed to have committed acts of malpractice, without any specific dates on which Damon & Morey's' alleged actions of malpractice are supposed to have occurred and without specific statements of what case, controversy or claim Damon & Morey's attorneys are supposed to have been engaged on the Plaintiff's behalf at the time that the alleged acts of malpractice are supposed to have occurred[1].

22. As set forth more fully in Damon & Morey's Memorandum of Law, under New York Law, claims of malpractice, whether plead as matters sounding in tort or contract, all are subject to a three year statute of limitations, pursuant to CPLR §214(6). Claims under that three year statute of limitations accrue when the actions alleged to have constituted malpractice occurred.

23. To the extent that Plaintiff's Complaint alleges claims based upon alleged violations of statutory provisions, such claims are also subject to a three year statute of limitations, pursuant to CPLR §214(2).

24. As discussed more fully below and in Damon & Morey's Memorandum of Law, using the dates of the events alleged in Plaintiff's Complaint, as previously described and identified by the Plaintiff itself in Exhibit E, Plaintiff's September 1, 2004 Objection to Damon & Morey's Sixth and Final Fee Application, all matters alleged in Plaintiff's Complaint occurred more than three years prior to the commencement of this action. As such, all of Plaintiff's claims are barred by the applicable three year malpractice statute of limitations.

---

[1] As noted in this Court's prior decision, Damon & Morey's representation of the Plaintiff was a "massive engagement," including representation not only in the Chapter 11 bankruptcy case itself, but also in more than 25 State and Federal lawsuits pending in multiple jurisdictions. Exhibit B at 2.

25. Upon information and belief, the Plaintiff will attempt to argue that, by virtue of the fact that Damon & Morey remains nominally the Chapter 11 Debtor's counsel in Plaintiff's Bankruptcy Case, the malpractice statute of limitations was allegedly tolled under New York's "continuing representation" doctrine for malpractice claims.

26. As discussed more fully in Damon & Morey's Memorandum of Law, however, the nominal status of Damon & Morey as Chapter 11 counsel for Plaintiff alone is insufficient to constitute "continuous representation" to toll the statute of limitations for malpractice.

27. Under New York law, a prerequisite to the continuous representation rule's application, a plaintiff/client must be able to establish that it placed "continuing trust and confidence" in the attorneys it is now seeking to sue within three years prior to the commencement of suit.

28. According to Plaintiff's own prior admissions in filings in its Chapter 11 Bankruptcy Case, Damon & Morey and the Plaintiff reached impasse and were unable to negotiate a resolution to their fee dispute during 2001-2002. Ultimately, the parties agreed to mediate the fee dispute.

29. In August, 2002, as a part of the first day of that mediation, Damon & Morey told the Plaintiff that it was not willing to provide the Debtor with further legal services, due to the Plaintiff's unwillingness to either pay Damon & Morey for prior services or to negotiate a resolution to their disputes.

30. At oral argument before the United States Court of Appeals for the Second Circuit on March 20, 2007, in connection with the Debtor's appeal of this Court's June 19, 2006 Decision and June 20, 2006 Judgment in Civil Action No. 04-CV-975A, counsel for the Debtor repeatedly admitted that in August, 2002, Damon & Morey "abandoned" its representation of the

7

Debtor by refusing to provide further legal services. March 27, 2007 Declaration of Daniel F. Brown (the "Brown Declaration") at ¶¶30-31.[2] All alleged malfeasance or omissions of Damon & Morey described in the Plaintiff's Complaint therefore could not have occurred later than August, 2002, more than three years before the commencement of this case.

31. According to the timeline contained in Exhibit E, at paragraph 95 of David A. Elia's September 1, 2004 Affidavit in support of Elia's Objection to Damon & Morey's Sixth and Final Fee Application, Plaintiff elected in February, 2004, without consultation with Damon & Morey, to file a Chapter 11 Final Report and a motion to close its Chapter 11 bankruptcy case:[3]

> \*   In an effort to close this case and upon the advice of the Bankruptcy Court, Elia (pro se) submits final report and moves to close case: February 2004

32. The Plaintiff's Final Report and motion for final decree, dated February 9, 2004 and filed February 12, 2004, are attached to the Statement of Material Facts as Exhibit G.

33. Thus, by Plaintiff's own admissions, as of August, 2002, Plaintiff was aware that Damon & Morey was not willing to provide further legal services to it and was consulting with other counsel regarding its disputes with Damon & Morey. Brown Declaration, at ¶¶30-31. On or before February 12, 2004, it chose to file pleadings *pro se* with the Bankruptcy Court regarding the conduct of the Chapter 11 case, without consulting with Damon & Morey. Exhibit E, at Elia Affidavit, at ¶95.

34. Accordingly, the record in the Plaintiff's Bankruptcy Case clearly reflects that by February 12, 2004, if not before, the Plaintiff lacked "continuing trust and confidence" in Damon & Morey's ability to represent it in connection with its Bankruptcy Case, since the filing

---

[2] A certified copy of the audio recording of the March 20, 2007 oral argument on the appeals from this Court's judgment in Civil No. 04-CV-975A, Bernheim v. Damon & Morey, C.A. No. 06-3386-bk and D.A. Elia Construction Corp. v. Damon & Morey, C.A. No. 06-3389-bk, has been Ordered by Defendant from the United States Court of Appeals for the Second Circuit and this Motion will be supplemented by Defendant after it is received.

[3] As noted in this Court's June 19, 2006 Decision, Exhibit B, at 2, the president of the Plaintiff, David A. Elia, is himself an attorney.

8

pleadings without consulting with counsel clearly demonstrates that the Plaintiff no longer placed "continuing trust and confidence" in Damon & Morey.

35. This case was commenced by the filing of a Summons and Complaint with the New York State Supreme Court, Erie County on February 14, 2007, more than three years after the time that the Plaintiff had clearly evidenced on the record of its Chapter 11 bankruptcy that it lacked "continuing trust and confidence" in Damon & Morey's ability to represent it in connection with its Chapter 11 case.

36. Accordingly, for those reasons recounted in Damon & Morey's Memorandum of Law, Plaintiff's malpractice claims are all barred by the applicable three year statute of limitations and Plaintiff's Complaint must be dismissed.

37. Additionally, because Plaintiff, its principals and its counsel are all clearly on notice that the same claims which they are seeking to litigate through this case have already been rejected by courts of competent jurisdiction, such that they are barred by the doctrine of *res judicata*, Damon & Morey requests that this Court award sanctions against them for having conducted this litigation in bad faith, for those reasons set forth in Damon & Morey's Memorandum of Law.

38. Furthermore, because Plaintiff, its principals and its counsel have already demonstrated that the prior denial of their claims by Federal Courts in this District was not sufficient to stop them from seeking to re-litigate virtually identical claims in New York State Supreme Court, for those reasons set forth in Damon & Morey's Memorandum of Law, Damon & Morey requests that this Court grant injunctive relief, pursuant to 28 U.S.C. §2283, enjoining Plaintiff, its officers, directors and shareholders and its counsel from commencing any further similar proceedings before any court, tribunal, governmental or regulatory body on any claims

alleged to arise out of Damon & Morey's relating to any claims alleged to arise out of Damon & Morey's representation of the Plaintiff in its Bankruptcy Case or involving any legal services which were the subject of Damon & Morey's fee applications in Plaintiff's Bankruptcy Case.

WHEREFORE, for all of the reasons set forth above and in Damon & Morey's Memorandum of Law, Damon & Morey requests that this Court enter an Order (1) dismissing Plaintiff's Complaint and/or granting summary judgment in its favor; (2) sanctioning Plaintiff, its principals and its attorneys for commencing this lawsuit in bad faith; (3) enjoining Plaintiff, its officers, directors and shareholders and its counsel from commencing any further proceedings before any court, tribunal, governmental or regulatory body relating to any claims alleged to arise out of Damon & Morey's representation of the Plaintiff in its Chapter 11 Bankruptcy Case or involving any legal services which were the subject of Damon & Morey's fee applications in Plaintiff's Bankruptcy Case; and (4) granting to it such other and further relief as this Court deems just and proper.

Dated: March 27, 2007  
       Buffalo, New York

Respectfully submitted,  
DAMON & MOREY LLP

By: /s/ Daniel F. Brown  
    Daniel F. Brown  
    1000 Cathedral Place  
    298 Main Street  
    Buffalo, NY 14202  
    716-856-5500 *telephone*  
    716-856-5510 *facsimile*

-#1095294