UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

D.A. ELIA CONSTRUCTION CORP.,

      Plaintiff,

 v.            Civil No.: 07-CV-0143-RJA

DAMON & MOREY LLP,

      Defendant.
_____

_____

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION OF DAMON & MOREY LLP TO MOTION AND AMENDED MOTION OF D.A. ELIA CONSTRUCTION CORP. FOR REMAND AND ABSTENTION**
_____

                Damon & Morey LLP
                *Attorneys for Defendant*
                298 Main Street
                1000 Cathedral Place
                Buffalo, New York 14202
                Telephone:  (716) 856-5500
                Facsimile:  (716) 856-5510

*Daniel F. Brown*
  *Of Counsel*

This Memorandum of Law is submitted by Defendant Damon & Morey LLP ("Damon & Morey"), through its undersigned counsel, in support of its Opposition to Motion and Amended Motion of D.A. Elia Construction Corp. for Remand and Abstention (the "Opposition") in connection with the above-captioned action.

## FACTS

The facts of this matter are discussed at length in Damon & Morey's Opposition and are incorporated herein by reference. Defined terms as described in the Opposition are also used in this Memorandum.

## ARGUMENT

### POINT I.

### THIS CASE WAS PROPERLY REMOVED BECAUSE THIS COURT HAS JURISDICTION OVER CLAIMS ALLEGED IN PLAINTIFF'S COMPLAINT

Removal of cases involving bankruptcy matters is governed by 28 U.S.C. §1452(a), which provides that a "party may remove any claim or cause of action in any civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a).

Under Section 1334(a), district courts have "original and exclusive jurisdiction of all cases under title 11" (*i.e.*, all cases commenced by the filing of a bankruptcy petition). Pursuant to 28 U.S.C. §1334(b), district courts also have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to a case under title 11."

Section 1334 uses the term "proceeding" in its broadest sense. "'[A]nything that occurs within a case is a proceeding.'" 1 Lawrence P. King, *et al.*, Collier On Bankruptcy ¶3.01[4][b], at 3-19 (15th ed. rev. 2007) (*quoting* H.R. Rep. No. 95-595, at 445 (1977)).

In its Amended Remand Motion, Plaintiff argues that removal of this case to Federal Court was improper, claiming there to be no basis for Federal jurisdiction over any of the State Law malpractice claims alleged in its Complaint. It also argues that 28 U.S.C. §1334 does not provide such a jurisdictional basis because, supposedly, none of the claims asserted in its complaint "arise under," "arise in" or are "related to" Plaintiff's Chapter 11 Bankruptcy Case.

In determining whether Federal jurisdiction exists, pursuant to 28 U.S.C. §1334, courts have applied the same "well-pleaded complaint rule" which was developed by the courts as a basis for determining if a complaint states a cause of action "arising under the Constitution, laws or treaties of the United States," for purposes of 28 U.S.C. §1331. See, *e.g.*, Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC, 357 F.Supp.2d 529, 535 (E.D.N.Y. 2004) ("It is well-established that the well-pleaded complaint rule applies both to federal question jurisdiction ... and to bankruptcy jurisdiction"); Liberty Mutual. Insurance Co. v. Lone Star Industries, Inc., 313 B.R. 9, 16 (Conn. 2004) (noting that there are no decisions "altering, with respect to bankruptcy law, the 'well-pleaded complaint rule,' or the requirement that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'") (citations omitted); Transouth Financial Corp. v. Murray, 311 B.R. 99 (M.D. Ala. 2004) (same); In re LJM2 Co-Investment, L.P., 319 B.R. 495, 501 (Bkrtcy. N.D. Tex. 2005) (same); In re Conseco, Inc., 318 B.R. 425, 431 (Bankr. N.D. Ill. 2004) (same); 16 James Wm. Moore, *et al.*, Moore's Federal Practice §107.15[8][B] (3d ed. 2007) ("Bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, which requires

3

that the basis of federal jurisdiction be discernable from matters alleged in the complaint.") (citations omitted).

Under the "well pleaded complaint rule", Federal subject-matter jurisdiction can be founded only on those allegations in a complaint that are "well pleaded." *See* Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392.

Under the "artful-pleading doctrine", a corollary to the well-pleaded-complaint rule, a plaintiff may not defeat Federal subject-matter jurisdiction by "artfully pleading" his complaint as if it arises under state law, where the plaintiff's suit is based matters over which a Federal court has jurisdiction. Sullivan v. American Airlines, Inc. 424 F.3d 267, 271 (2nd Cir. 2005), *quoting* Rivet, 522 U.S. at 475-76; *see also* Franchise Tax Bd., 463 U.S. at 22 ("[I]t is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."). "Faced with such an artfully (*i.e.,* misleadingly) pleaded complaint, the federal court may construe the complaint as if it raised the federal claim that actually underlies the plaintiff's suit." Sullivan, 424 F.3d at 271-72, *quoting* Rivet, 522 U.S. at 475.

As discussed in Damon & Morey's Opposition, even on their face, the allegations contained in Plaintiff's Complaint amply demonstrate that although the Plaintiff has plead its claims as State Law causes of action, the factual underpinnings of all of its claims are complaints regarding the legal services which Damon & Morey rendered as general counsel for the Debtor/Plaintiff as a part of or during its Chapter 11 Bankruptcy Case. In fact, all of these claims involve matters which were previously raised and litigated by the Plaintiff before the Bankruptcy

Court as objections to Damon & Morey's Final Fee Application. As such, Damon & Morey submits that Plaintiff's claims all "arose in" Plaintiff's Chapter 11 Bankruptcy Case and that this Court has jurisdiction over these claims, pursuant to 28 U.S.C. §1334(b).

Plaintiff's Complaint alleges on its face that the actions of Damon & Morey: (1) breached its Chapter 11 Retainer Agreement with Plaintiff; (2) negligently committed malpractice during the course of its Chapter 11 representation of Plaintiff; (3) supposedly failed to disclose to the Bankruptcy Court payments that were made by Plaintiff against its Bankruptcy Court allowed fees and converted proceeds of the sale of a vehicle, without giving Plaintiff credit for such proceeds; and (4) failed to bring a conflict of interest to the attention of the Bankruptcy Court and willfully delayed the conclusion of the Bankruptcy Case.

As acknowledged by Plaintiff itself in its Original Remand Motion, at paragraph 8, the allegations of malpractice alleged in the Complaint are identical to those claims Plaintiff raised before the Honorable Michael J. Kaplan through its lengthy and detailed objections to Damon & Morey's Final Fee Application in Plaintiff's Bankruptcy Case.

For all of the foregoing reasons, Damon & Morey submits that this Court should find that it has jurisdiction over this action pursuant to 28 U.S.C. §1334(b), as all of the claims asserted by the Plaintiff in its Complaint "arose in" Plaintiff's Chapter 11 Bankruptcy Case.

The Second Circuit has held that those cases "arising under" or "arising in" Title 11 proceedings are the same as those defined as being "core proceedings", under 28 U.S.C. §157(b). Mt. McKinley Insurance Co. v. Corning, Inc., 399 F.3d 436, 447-48 (2nd Cir. 2005). "Core proceedings" touch on issues at the heart of Federal bankruptcy power, such as "the restructuring of debtor-creditor relations." In re: United States Lines, Inc., 197 F.3d 631, 636 (2nd Cir.1999) (citation omitted). A court can look to the nature of the proceeding and deem it to be core if

"(1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings, or (2) the proceedings directly affect a core bankruptcy function." Mt. McKinley, 399 F.3d at 448 (citation omitted).

Even though claims of malpractice are premised upon a state law cause of action, where a malpractice claim is alleged with respect to services rendered by an attorney or other professional appointed by a bankruptcy court to represent a Chapter 11 debtor-in possession while the bankruptcy case was pending, such claims repeatedly have been held to be both "core matters" regarding the administration of a bankruptcy case and matters "arising in" a case under Title 11 of the United States Code, such that Federal jurisdiction exists to hear such claims. In re V&M Management, Inc., 321 F.3d 6 (1st Cir. 2003) (attorney malpractice claims); Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003) (attorney malpractice); In re Southmark Corp., 163 F.3d 925, 931-932 (5th Cir.) (accountant malpractice claims), *cert. denied*, 527 U.S. 1004 (1999); In re McClelland, 377 B.R. 446 (Bkrtcy. S.D.N.Y. 2007) (malpractice claims against appraiser hired by Chapter 11 debtor).

Accordingly, all of the claims attempted to be pleaded in the Plaintiff's Complaint are clearly "core matters" which "arose in" Plaintiff's Chapter 11 Bankruptcy Case, such that this Court has jurisdiction over Plaintiff's Claims, pursuant to 28 U.S.C. §1334(b).

On September 28, 2007, subsequent to the time of the March 8, 2007 removal of this action to this Court, the Bankruptcy Court entered its final decree closing Plaintiff's Chapter 11 Bankruptcy Case. The law is clear that the closing of the Bankruptcy Case does not deprive this Court of jurisdiction over this case.

In the context of a determination whether jurisdiction existed in a district court case, pursuant to 28 U.S.C. §1331, the Supreme Court recognized that "[t]he existence of federal

jurisdiction ordinarily depends on the facts as they exist when the complaint is filed," Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989), and that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

Similarly, it has been held that "federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, on the basis of the facts at the time of removal." In re WorldCom, Inc. Securities Litigation, 294 B.R. 553, 556 (S.D.N.Y. 2003), *citing* In re Bissonnet Investments, LLC, 320 F.3d 520, 525 (5th Cir. 2003); In re Celotex Corp., 124 F.3d 619, 626 (4th Cir. 1997); and In re Toledo, 170 F.3d 1340, 1346 n. 8 (11th Cir. 1999).[1]

Accordingly, Damon & Morey submits that this Court had Federal jurisdiction at he time that this case was commenced and that the closing of the Bankruptcy Case subsequent to the time that this case was removed did not alter this Court's jurisdiction over Plaintiff's claims.

## POINT II.

### MANDATORY ABSTENTION IS NOT APPLICABLE TO CORE MATTERS, SUCH AS THIS CASE

Plaintiff incorrectly argues in its Amended Remand Motion that this Court has only "related to" jurisdiction over the Complaint and asks for "mandatory abstention" pursuant to 28 U.S.C. §1334(c)(2). As noted above, however, this Court has "arising in" jurisdiction over this case and Plaintiff's claims in this case are "core matters."

---

[1] In the context of an adversary proceeding commenced in a bankruptcy case, the Second Circuit also has held that even "the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over a proceeding where bankruptcy jurisdiction existed at the time of its commencement." In re Porges, 44 F.3d 159, 162 (2nd Cir. 1995). Instead, the "decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending." *Id*. As is discussed in Point III, *infra*, Plaintiff's suit seeks to re-litigate in a different forum the same claims it has previously litigated and lost before the Federal Courts. Damon & Morey requests that this Court exercise its discretion to retain jurisdiction in this case, in the interests of justice, to protect and enforce the judgments of Federal Courts and to avoid Plaintiff's efforts at forum shopping.

7

Section 1334(c)(2) of Title 28 of the United States Code "requires the district court to abstain from hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action." In re Petrie Retail, Inc., 304 F.3d 223, 231 (2nd Cir. 2002); S.G. Phillips Constrs., Inc. v. City of Burlington (In re S.G. Phillips Constrs., Inc.), 45 F.3d 702, 708 (2nd Cir. 1995). Abstention is only mandated with respect to non-core matters. In re: Petrie Retail, 304 F.3d at 231. Therefore, where a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) do not apply. *Id*.

As discussed above, Plaintiff's malpractice claims are "core matters." Therefore, mandatory abstention pursuant to 28 U.S.C. §1334(c)(2) is not applicable in this case. *Id.*; Ben Cooper, Inc. v. Ins. Co. of the State of Penn. (In re Ben Cooper, Inc.), 924 F.2d 36, 38 (2nd Cir. 1991).

## POINT III.

### PERMISSIVE ABSTENTION IS INAPPROPRIATE IN THIS CASE AND THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF THIS COURT'S RETENTION OF FEDERAL JURISDICTION

Pursuant to 28 U.S.C. §1334(c)(1), even though the claims asserted by the Plaintiff are "core matters," a district court may still abstain, in its discretion, "in the interest of justice, or in the interest of comity with State courts or respect for State law."

The Second Circuit has held that Section 1334(c)(1) is to be interpreted according to "principles developed under the judicial abstention doctrines." In re Pan American Corp., 950 F.2d 839, 846 (2nd Cir. 1991). According to those principles, "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976). Federal courts have a "virtually unflagging obligation

8

... to exercise the jurisdiction given them," *Id*. at 817, and may abstain only for a few "extraordinary and narrow exception[s]." *Id*. at 813 (citation omitted).

The Second Circuit has also held that "the notion of 'comity' ... is 'not strained when a federal court cuts off state proceedings that entrench upon the federal domain.'" In re Pan American Corp. 950 F.2d 839, 847 (2nd Cir. 1991), *quoting* Kentucky W. Va. Gas Co. v. Pennsylvania Pub. Util. Comm'n, 791 F.2d 1111, 1117 (3rd Cir. 1986) (*quoting* Middle S. Energy, Inc. v. Arkansas Pub. Serv. Comm'n, 772 F.2d 404, 417 (8th Cir. 1985), *cert. denied*, 474 U.S. 1102 (1986)).

Damon & Morey submits that abstention is not appropriate in this case. State law issues do not predominate here. Although Plaintiff's causes of action are styled as New York State law claims, they turn largely on factual and legal issues that are intertwined with Plaintiff's Chapter 11 Bankruptcy Case and which, in fact, previously have been litigated there. To the extent issues of New York law arise, they are in the well-settled areas of professional malpractice, negligence, and breach of fiduciary duty.

Moreover, the Plaintiff is not writing on a blank slate in this case. Plaintiff's attempt to start a State Court action premised upon the same claims of malpractice that were previously raised and litigated before the Bankruptcy Court, this Court and the Second Circuit, is an attempt to collaterally attack these Federal judgments. That Plaintiff does not like the results reached by the Federal Courts does not give it a second bite at the apple to try its luck in State Court.

Under these circumstances, the interests of justice weigh heavily against abstention, so as to prevent the Plaintiff from forum shopping and so as to avoid any possibility of inconsistent decisions regarding Plaintiff's previously rejected objections to Damon & Morey's Final Fee Application. The Second Circuit has held it to be appropriate for a court to retain Federal

jurisdiction and to exercise its discretion to not abstain in order to protect prior decisions of a bankruptcy court and to avoid forum shopping by a State Court plaintiff. <u>In re Petrie Retail, Inc</u>., *supra*, 304 F.3d at 231.

Accordingly, Plaintiff's request for permissive abstention in this case should be denied.

WHEREFORE, for all of the foregoing reasons, Damon & Morey requests that the Plaintiff's Amended Remand Motion be denied and requests that this Court grant to Damon & Morey such other and further relief as this Court deems just and proper.

Dated: January 18, 2008                         **DAMON & MOREY LLP**
       Buffalo, New York

By: /s/ Daniel F. Brown
     Daniel F. Brown, Esq.
     1000 Cathedral Place
     298 Main Street
     Buffalo, New York 14202
     Telephone: (716) 856-5500
     Facsimile: (716) 856-5510

-#1192205